1  HOWARD S FREDMAN, ESQ. (State Bar No. 046249)
   Email: hsflawyer@aol.com
2  **FREDMAN| LIEBERMAN, LLP**
   1875 Century Park East, Suite 2200
3  Los Angeles, CA 90067
   Tel:  310/226-6796 Fax: 310/226-6797
4
   Attorneys for Defendant and Counterclaimant
5  Cognitive Code Corporation, and Defendants
   Leslie Spring, Mimi Chen, John Chen, and Sal DiFazio
6

7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  JOSEPH ODISH; JOHN BOURBEAU;      ) **Case No. CV 12-09069-SJO**
    and CRANBROOK CAPITAL            ) **(JCGx)**
13  CONSULTING GROUP, LLC, a         )
    Michigan limited liability company, ) **Hon. S. James Otero**
14                                    )
              Plaintiffs,             ) ~~PROPOSED~~ **ORDER ON**
15                                    ) **STIPULATION FOR**
        vs.                           ) **PROTECTIVE ORDER**
16                                    )
    COGNITIVE CODE CORPORATION,       )
17  a Delaware corporation; LESLIE    )
    SPRING; MIMI CHEN; JOHN CHEN;     )
18  and SAL DIFAZIO,                  )
                                      )
19            Defendants.             )
                                      )
20  COGNITIVE CODE CORPORATION,       )
    a Delaware corporation,           )
21                                    )
              Counterclaimant,        )
22                                    )
        vs.                           )
23                                    )
    JOSEPH ODISH; JOHN BOURBEAU;      )
24  and CRANBROOK CAPITAL            )
    CONSULTING GROUP, LLC, a         )
25  Michigan limited liability company, )
                                      )
26         Counterclaim Defendants.   )
                                      )
27

28                              -1-

*Stipulated Protective Order*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties to this action, through their counsel of record, have stipulated and agreed that an order under Federal Rule of Civil Procedure 26(c) is necessary and useful to protect the confidentiality of documents and other information obtained in the course of discovery in this action, and have stipulated and agreed to be bound by the terms of this Protective Order ("Protective Order"). The materials to be exchanged in the course of this litigation may contain confidential information including but not limited to trade secret or other confidential research, marketing, financial or other commercial information. The purpose of this Protective Order is to protect the confidentiality of such materials during the litigation.

## DEFINITIONS

1.      The term "Confidential Information" shall mean and include any information disclosed in this litigation, regardless of the medium or manner in which it is generated, stored, maintained, or produced (including, among other things, testimony, transcripts, documents and other tangible things), which constitutes trade secret, proprietary, or sensitive information of a party, including but not limited to financial data, research and development information; customer and supplier information; company personnel information; marketing strategies and information; strategic business information (including but not limited to business plans, forecasts, cost information, or logistical information); and any other information that affords the disclosing party an actual or potential economic advantage over others.

2.      The term "Outside Counsel" shall mean outside counsel retained by a party in connection with this matter, including paralegals, secretaries, and other support staff employed by such outside counsel.

## DESIGNATION

3.      Each party to this litigation may designate information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" if, in the good faith belief of such party and its counsel, the materials fall within the Confidential Information definition herein and the disclosure of such information (including, in the case of "CONFIDENTIAL - FOR COUNSEL ONLY," disclosure to anyone other than outside counsel) could be prejudicial to the business or operations of such party, or would violate court orders and/or confidentiality restrictions involving parties not involved in this litigation.

4.      To designate as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," the producing party must mark each page of the document with the appropriate designation before producing it. However, for documents produced by another party or a non-party, or any documents produced prior to entry of this Protective Order, a party can assert confidentiality through correspondence to all other parties that specifically identifies each document that will receive a confidentiality designation.

5.      Deposition testimony and/or deposition exhibits shall be designated on the record during the deposition whenever possible. A party may also designate such testimony and exhibits after transcription of the proceedings; a party shall have until twenty (20) days after receipt of the deposition transcript to inform the other party or parties of the portions of the transcript so designated.

6.      The disclosing party shall have the right to exclude from attendance at deposition, during such time as information designated as "CONFIDENTIAL - FOR COUNSEL ONLY" is disclosed, any person other than the deponent, Outside Counsel, the court reporter, the videographer, and the person(s) agreed upon pursuant to paragraph 10 below.

7.      Designation of Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall extend to all copies, excerpts,

1    data, summaries, and compilations derived from such Confidential Information, as

2    well as any testimony, conversations, or presentations by the parties hereto or their

3    counsel that discloses such Confidential Information.

4          8.      If a party, through inadvertence, produces any Confidential

5    Information without designating it in accordance with this Protective Order, the

6    designating party may give written notice to the receiving party[ies] that the

7    information produced is deemed "CONFIDENTIAL" or "CONFIDENTIAL - FOR

8    COUNSEL ONLY" and should be treated in accordance with that designation

9    under this Protective Order. Upon receipt of such notice, the receiving party must

10    treat the Confidential Information as designated hereunder. If the receiving party

11    has already in good faith disclosed the information before receiving such notice, the

12    receiving party shall have no liability for such good faith disclosure, but shall notify

13    the designating party in writing of each such disclosure. Counsel for the parties

14    shall agree on a mutually acceptable manner of labeling or marking the

15    inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL -

16    FOR COUNSEL ONLY."

17                ACCESS AND USE OF PROTECTED MATERIAL

18          9.      All Confidential Information designated as "CONFIDENTIAL" or

19    "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the

20    receiving party to anyone other than those persons designated herein and shall be

21    used solely in connection with this litigation, and not for any other purpose,

22    including any business or competitive purpose or function.

23          10.     Information designated "CONFIDENTIAL - FOR COUNSEL ONLY"

24    shall be viewed only by (a) Outside Counsel; (b) in-house counsel; (c) outside

25    experts or consultants retained for purposes of this litigation, in accordance with the

26    provisions of paragraph 12; (d) court reporters and videographers in connection

27

28                       -4-

with transcribing or recording a deposition or hearing; (e) the Court and its personnel; and (f) the jury.

11.    Information designated "CONFIDENTIAL" shall be viewed only by (a) those persons designated in paragraph 10 above, (b) the parties (or employees thereof), and (c) a deponent who is or was an attorney for a party, or is a former employee of a party, and the CONFIDENTIAL information is directly relevant to his or her former job responsibilities, provided each such party, party employee, and deponent has read this Protective Order in advance of disclosure and has agreed in writing, by executing an Acknowledgment in the form attached hereto as Exhibit "A," to be bound by its terms.

12.    The right of any expert or consultant to receive any information designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall be conditioned on the expert's prior execution of an Acknowledgment in the form attached hereto as Exhibit "A." Notwithstanding the foregoing, any expert or consultant who works for a competitor of the producing party may not receive Confidential Information of that party.

13.    Nothing herein shall prohibit a party, or its counsel, from disclosing a document designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" to any person indicated on the face of the document to be its originator, author or recipient.

14.    Each person receiving Confidential Information designated hereunder shall maintain it in a manner which ensures that access is limited to persons entitled to receive it under this Protective Order. If such Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make

*Stipulated Protective Order*

every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

CHALLENGING DESIGNATION

15.     At any stage of these proceedings, any party may object to a designation of information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY." The party objecting to confidentiality shall notify counsel for the designating party in writing of the objected-to materials and the grounds for the objection. The parties shall first make a good faith effort to resolve the objection informally and otherwise comply with Local Rules 37-1 and 37-2. If the dispute is not resolved within ten (10) business days of receipt of such a notice of objections, the objecting party may file a motion with the Court -- unless the dispute relates to information designated as "CONFIDENTIAL - FOR COUNSEL ONLY," in which case the burden shall be on the designating party to file a motion with the Court within twenty (20) business days of receipt of the notice of objection in order to retain such designation. Until the Court rules on a motion brought pursuant to this paragraph (or the matter is resolved between the parties), the materials at issue shall be treated as Confidential Information as designated by the designating party.

FILING UNDER SEAL

16.     In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

-6-

*Stipulated Protective Order*

ADDITIONAL PROVISIONS

17.     Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds permitted by the Federal Rules of Civil Procedure, including that the material is protected as attorney-client privileged or attorney work product.

18.     Nothing herein shall be construed to prevent disclosure of Confidential Information designated hereunder if such disclosure is required by law or by order of the Court; e.g., a lawful subpoena issued in another action. In the event that such disclosure is required, the party or other person who is obligated to disclose shall notify the party who designated the Confidential Information promptly upon receipt of the order or other process requiring the disclosure.

19.     Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed or returned, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

20.     The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) is already public knowledge; (c) has become public knowledge

-7-

*Stipulated Protective Order*

other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's knowledge lawfully and independently of the production by the designating party.

21.    All provisions of this Protective Order shall survive the conclusion of this action, and shall continue to be binding after the conclusion of this action unless subsequently modified by agreement of the parties or further order of this Court. For the purposes of enforcing this Protective Order and resolving any disputes thereunder, the Court retains jurisdiction over the parties and all persons provided access to Confidential Information under the terms of this Protective Order.

22.    All persons bound by this Protective Order are hereby notified that if this Protective Order is violated in any manner, all persons and entities who commit such violations are subject to any and all monetary and other sanctions as the Court, after a hearing, deems to be just.

23.    The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. Additionally, this Protective Order may be modified by agreement of the parties, subject to approval by the Court.

24.    The terms and provisions of this Protective Order, and designation of any Confidential Information hereunder, shall also apply to and bind any party who appears in this action subsequent to the entry of this Protective Order.

1    IT IS SO STIPULATED:

2

3         DATED: January 15, 2013          FREDMAN | LIEBERMAN LLP

4

5

6                                          By: /s/ Howard S Fredman

7                                              HOWARD S FREDMAN
                                           Attorneys for Defendant and Counterclaimant
8                                          Cognitive Code Corporation, and Defendants
                                           Leslie Spring, Mimi Chen, John Chen, and Sal
9                                          DiFazio

10        DATED: January 14, 2013          ROSEN & ASSOCIATES, P.C.

11

12                                         By: /s/ John B. Wallace for

13                                             ROBERT C. ROSEN
                                           Attorneys for Plaintiffs and Counterclaim
14                                         Defendants Joseph Odish, John Bourbeau and
                                           Cranbrook Cabital Consulting Group, LLC, a
15                                         Michigan limited liability Company

16

17   IT IS SO ORDERED:

18

19   Dated: January 16, 2013              _____

20                                             HON. JAY C. GANDHI
                                           UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28                                         -9-

                                   *Stipulated Protective Order*

1

2

EXHIBIT A TO PROTECTIVE ORDER

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| JOSEPH ODISH; JOHN BOURBEAU; and CRANBROOK CAPITAL CONSULTING GROUP, LLC, a Michigan limited liability company,<br><br>      Plaintiffs,<br><br>  vs.<br><br>COGNITIVE CODE CORPORATION, a Delaware corporation; LESLIE SPRING; MIMI CHEN; JOHN CHEN; and SAL DIFAZIO,<br><br>      Defendants.<br><br>COGNITIVE CODE CORPORATION, a Delaware corporation,<br><br>      Counterclaimant,<br><br>  vs.<br><br>JOSEPH ODISH; JOHN BOURBEAU; and CRANBROOK CAPITAL CONSULTING GROUP, LLC, a Michigan limited liability company,<br><br>      Counterclaim Defendants. | **Case No. CV 12-09069-SJO (JCGx)**<br><br>**Hon. S. James Otero**<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

-10-

*Stipulated Protective Order*

I, _____, declare and say that:

1.    I am employed as _____

by _____.

2.    I have read and understood the Protective Order entered in the above entitled cases, and have received a copy of the Protective Order.

3.    I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order.

4.    I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons with whom I am permitted to discuss such information, as designated, under the terms of the Protective Order.

5.    I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California, and all courts in which appeals may be filed in these actions, with respect to enforcement of the Protective Order.

6.    I understand that any disclosure or use of "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____, 2013      _____

*Stipulated Protective Order*